FILED

-PS-O-

2008 MAR -4  AM 11: 14

U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANIBAL MALDONADO,

                    Petitioner,

          -v-                                    07-CV-0566A

RICHARD A. SAVAGE,                               **ORDER**
Superintendent of Gowanda
Correctional Facility,

                    Respondents.

---

     Petitioner, Anibal Maldonado, pro se, has filed the instant

petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254,

seeking an immediate release from incarceration alleging that he

has been denied good time credit allowances because he has refused

to participate in or has been removed from an Alcohol and Substance

Abuse Treatment Program ("ASAT").  He claims that the denial of

good time allowances has resulted in his being held beyond his

conditional release date and that the finding by the Time Allowance

Committee that he had failed to complete the ASAT program was in

violation of his right to due process.  (Docket No. 1).  The

determination of the Time Allowance Committee was confirmed by the

Superintendent of Gowanda on March 19, 2007, and was affirmed by

the Commissioner of the New York State Department of Correctional

Services on March 30, 2007.  (Docket No. 1, Petition, Exh. D1).

Petitioner admits in the petition that he has not exhausted his

state court remedies because he is "looking for speedy release from

custody." (Id., Petition, p. 6).  Petitioner also seeks to proceed
*in forma pauperis*.  (Docket No. 4).

In an earlier action filed by petitioner under 28 U.S.C. §
2241, petitioner claimed he was denied good time allowances because
he had not completed a DWI Program due to his claim that he had
been advised that he did not need to participate in that Program.
(Maldonado v. Savage, 07-CV-0106A(M) ("Maldonado I").  The Court
issued an Order noting that the petition should have been brought
under 28 U.S.C. § 2254, not § 2241, because it involved a challenge
to the execution of a sentence on a state court conviction, see
Cook v. New York State Div. of Parole, 321 F.3d 274 (2d Cir. 2003),
and advising petitioner that, pursuant to Adams v. United States,
155 F.3d 582, 584 (2d Cir. 1998) (per curiam), the petition would
be recharacterized as a petition under § 2254 unless petitioner
advised the Court that he did not wish to have the petitioner
recharacterized and would rather have it withdrawn.  (Maldonado I,
Docket No. 3, Order, at 3-5)).  The Court also instructed
petitioner that, if he did not oppose the recharacterization of the
petition, he needed to show cause why the petition should not be
dismissed for his failure to exhaust state court remedies.  (Id.,
at 5-7 (citing 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel,
526 U.S. 838 (1999)).

Petitioner filed a response to the Order stating that he did
not object to the recharacterization of the petition and did not

wish the petition to be dismissed.  The response failed, however,
to address, as directed, whether or not petitioner had exhausted
state court remedies.  Petitioner simply reiterated what he had
stated in his petition.[1]  Accordingly, the Court dismissed the
petition without prejudice because he failed to establish that he
had exhausted his claims in the courts of New York State.
(Maldonado I, Docket No. 5, Decision and Order, at 2-3).  Following
entry of judgment (id., Docket No. 6), petitioner filed a notice of
appeal which was subsequently dismissed by the Court of Appeals
based on that Court's denial of a certificate of appealability.
(Id., Docket No. 9, Mandate).

The instant petition, similarly, must be dismissed because it
appears on its face that petitioner has not in any way attempted to
exhaust his state court remedies.  Specifically, petitioner admits
that he has not exhausted his state court remedies.  (Docket No. 1,
Petition, at 6).  Section 2254(b)(1)'s exhaustion requirement is
not satisfied until the federal claim has been "fairly presented"
to the highest court of the state involved.  Fama v. Comm'r of
Corr. Servs., 235 F.3d 804, 808-09 (2d Cir.2000) (citing Picard v.
Connor, 404 U.S. 270, 275 (1971)).  Petitioner readily admits that
he has not raised the claims presented in his petition to the state
courts.  He simply notes that he wrote to the Superintendent,

---

[1]Petitioner's response stated that the Time Allowance Committee had found
him guilty "'on the wrong facts'" because he was never enrolled in a DWI Program
but rather was enrolled in a Alcohol and Substance Abuse (ASAT) Program.
(Maldonado I, Docket No. 5, Decision and Order, at 2) (citation omitted).

appealed to the Time Allowance Committee and wrote to "many correctional counselors. . . ." (Docket No. 1, Petition, at 6).

The petition is hereby dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed without prejudice;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

**SO ORDERED.**

                                    s/Michael A. Telesca
                                    MICHAEL A. TELESCA
                             United States District Judge

Dated:      March 3, 2008
            Rochester, New York